IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEST VIRGINIA ADVOCATES, INC.,

    Plaintiff,

v.                                            Civil Action No. 1:06CV73
                                                        (STAMP)
DOUGLAS MITCHELL, in his
official capacity as Director
of CHESTNUT RIDGE HOSPITAL,
a division of West Virginia
University Hospitals, Inc.,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION TO DISMISS
AND GRANTING THE DEFENDANT'S ALTERNATIVE RELIEF
TO JOIN DEPARTMENT OF HEALTH AND HUMAN RESOURCES
AND J.M. TO THIS CIVIL ACTION**

I.  Procedural History

The plaintiff, West Virginia Advocates, Inc., filed a complaint against the defendant, Douglas Mitchell ("Mitchell"), in his official capacity as Director of Chestnut Ridge Hospital ("Chestnut Ridge"), a division of West Virginia University Hospitals, Inc., alleging that the defendant's failure to permit the plaintiff to access the records of the minor, J.M., violates the Protection and Advocacy for Mentally Ill ("PAIMI Act"), 42 U.S.C. § 10805(a). Further, the plaintiff requests entry of a preliminary injunction and thereafter a permanent injunction pursuant to 28 U.S.C. § 2202.

Mitchell filed a motion to dismiss, to which the plaintiff responded and Mitchell replied.

After a review of the applicable law as well as the memoranda in support of and in opposition to the motion to dismiss, this Court finds that the defendant's motion to dismiss should be denied, but the defendant's requested alternative relief that the minor and the Department of Health and Human Resources be made parties to this civil action pursuant to Federal Rule of Civil Procedure 19 should be granted.

## II.  Facts

The plaintiff is the designated protection and advocacy system for the State of West Virginia.

Mitchell is the Director of Chestnut Ridge, a division of West Virginia University Hospitals, Inc.  J.M. is an inpatient and/or resident of Chestnut Ridge.  J.M.'s legal guardian is the West Virginia Department of Health and Human Resources ("DHHR").  The plaintiff sent two different representatives in April 2006 to met with and interview J.M.  On April 21, 2006, the one representative, Debbie Toler, spoke with Mitchell.  Mitchell stated that "Chestnut Ridge was willing to allow the plaintiff access to J.M.'s records, however, Ms. Hill was the DHHR guardian and she objected so Chestnut Ridge had to follow the guardian's directive." (Pl.'s Compl. ¶ 23.)

DHHR signed an "Authorization for Release of Information" at the end of April 2006. (Pl.'s Compl. ¶ 25.) J.M.'s attorney, David Webb ("Attorney Webb"), informed Mitchell that he would seek an order from the Mineral County Circuit Court to prohibit the plaintiff in this action from accessing J.M.'s records at Chestnut Ridge. Mitchell notified the plaintiff that Chestnut Ridge would deny access to the records pending the state court's decision. J.M., through Attorney Webb, filed a petition in the Circuit Court of Mineral County, West Virginia seeking an order prohibiting the plaintiff from accessing J.M.'s medical records from Chestnut Ridge.

The record reveals that on June 1, 2006, Judge Philip B. Jordan, Jr., presiding in the Circuit Court of Mineral County, West Virginia, granted Attorney Webb's motion to deny access to the plaintiff of any of Chestnut Ridge's records regarding J.M. (Def.'s Reply to Resp. Ex. B at 3-5.) J.M.'s date of birth is June 3, 1988. Thus, in June 2006, J.M. is of legal age.

### III. Applicable Law

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to join a party in accordance with Rule 19. See e.g., RPR & Assoc. v. O'Brien/Atkins Assocs., 921 F. Supp. 1457, 1463 (M.D.N.C. 1995); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1359 (3d ed. 2004)("Rule 12(b)(7) permits a motion to dismiss where

there is an absent person without whom complete relief cannot be granted.") On a Rule 12(b)(7) motion, the court initially determines if the absent party should be joined as a necessary party in accordance with the criteria set forth in Rule 19(a)(1). See RPR, 921 F. Supp. at 1463. Under this rule, a party is "necessary" if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Fed. R. Civ. P. 19(a). When making that determination, the court must base its decision on the pleadings as they appear at the time of the proposed joinder. 7 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1608 (3d ed. 2001).

If a court determines that a person is necessary under Rule 19(a), and if joinder of that person is impossible due to jurisdictional or equitable limitations, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed under Rule

12(b)(7), the absent person being thus regarded as indispensable. Fed. R. Civ. P. 19(b).[1]

IV. Discussion

In his motion to dismiss, Mitchell argues that the complaint in this civil action should be dismissed because the plaintiff has failed to join indispensable parties, the minor, J.M., and his legal guardian, DHHR, to this civil action.

In response, the plaintiff asserts that: (1) the PAIMI Act preempts any state law that is relied upon by Mitchell; (2) the Health Insurance Portability and Accountability Act, 42 U.S.C. § 1320d-d8, does not require or permit health care providers to withhold protected health information from "P&A's" such as the plaintiff when the organization seeks to access information under the PAIMI Act; and (3) the joinder of J.M. and DHHR is not required under Rule 19. (Pl.'s Resp. at 5.)

West Virginia Code § 27-1-9 defines "mental health facility," as "any inpatient, residential or outpatient facility for the care and treatment of the mentally ill, mentally retarded or addicted which is operated, or licensed to operate, by the department of health . . . ." W. Va. Code § 27-1-9. Chestnut Ridge is a mental

---

[1] "Necessary" under Rule 19(a) refers to a party who should be joined if feasible. "Indispensable" refers to a party whose participation is so important to resolution of the case that, if not joined, the suit must be dismissed. <u>Disabled Rights Action Committee v. Las Vegas Events, Inc.</u>, 375 F.3d 861, 867 n.5 (9th Cir. 2004).

health facility under § 27-1-9. West Virginia Code § 27-3-1 states:

> (a) Communications and information obtained in the course of treatment and evaluation of any client or patient shall be deemed to be "confidential information" and shall include the fact that a person is or has been a client or patient, information transmitted by a patient or client or family thereof for purposes relating to diagnosis or treatment, information transmitted by persons participating in the accomplishment of the objectives of diagnosis or treatment, all diagnoses or opinions formed regarding a client's or patient's physical, mental or emotional condition; any advice, instruction or prescriptions issued in the course or treatment, and any record or information which does not identify a client or patient, information from which a person acquainted with a client or patient would not recognize such client or patient, and uncoded information from which there is no possible means to identify a client or patient.
>
> (b) Confidential information may be disclosed:
> (1) In a proceeding under section four [§ 27-5-4], article five of this chapter to disclose the results of an involuntary examination made pursuant to sections two [§ 27-5-2], three [§ 27-5-3] or four, article five of this chapter;
> (2) In a proceeding under article six-A [§§ 27-6A-1 et seq.] of this chapter to disclose the results of an involuntary examination made pursuant thereto;
> (3) Pursuant to an order of any court based upon a finding that said information is sufficiently relevant to a proceeding before the court to outweigh the importance of maintaining the confidentiality established by this section;
> (4) To protect against a clear and substantial danger of imminent injury by a patient or client to himself or another; and
> (5) For treatment or internal review purposes, to staff of the mental health facility where the patient is being cared for or to other health professionals involved in treatment of the patient.

W. Va. Code §§ 27-3-1(a) and (b).

Confidential information may also be disclosed pursuant to an authorization signed by the "patron or client by his legal guardian." W. Va. Code § 27-3-2.

In this action, the plaintiff requests access to J.M.'s confidential information from Chestnut Ridge. Mitchell argues that neither the patient, J.M., nor his legal guardian, DHHR, are parties to this civil action. Thus, Mitchell requests that this civil action be dismissed or, in the alternative, J.M. and DHHR be joined as parties to this action.

Federal Rule of Civil Procedure 19 states the requirements for joinder of persons needed for just adjudication. Rule 19 requires a court to make a two-stage analysis. See Rosengarten v. Buckley, 565 F. Supp. 193, 199 (D. Md. 1982). First, the court must determine whether a party should be joined to the case if feasible. Next, the court must determine whether a party whose presence would destroy jurisdiction is nevertheless indispensable to the proceeding. Rule 19(a) provides the guidelines for the first stage of analysis:

> (a) Persons to be joined if feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or

> otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made party . . .

Fed. R. Civ. P. 19(a).

"In general, federal courts are reluctant to dismiss a complaint for failure to join a party unless it appears that serious prejudice or inefficiency will result." Rosengarten, 565 F. Supp. at 199 (citing 7 Wright & Miller, supra, § 1609, at 83, and cases cited therein).

In this civil action, this Court finds that injustice will result if this case proceeds against Mitchell only. In the absence of DHHR and J.M., the plaintiff will be unable to obtain the relief it seeks in it's complaint. The plaintiff seeks a determination by this Court that Mitchell be prohibited from denying, limiting or conditioning the plaintiff's access to Chestnut Ridge's records on covered individuals. Thus, the plaintiff seeks access to a person who is not named in the complaint and his legal guardian, but who are interested parties to this civil action.

Further, J.M. has expressly prohibited Chestnut Ridge from providing copies of his medical records to the plaintiff. Initially, J.M.'s legal guardian, DHHR, refused to authorize the production of these medical records in April 2006. By the end of April 2006, DHHR executed an authorization to allow Chestnut Ridge to disclose J.M.'s medical records to the plaintiff. However, J.M., by his counsel, Attorney Webb, advised Chestnut Ridge that he

objected to the disclosure of J.M.'s medical records to the plaintiff.  Attorney Webb then filed a petition in the Circuit Court of Mineral County to obtain an order prohibiting the plaintiff from accessing J.M.'s medical records. Mitchell attached to his reply memorandum a copy of the transcript from the June 1, 2006 hearing before Judge Jordan in the Circuit Court of Mineral County, West Virginia granting Attorney Webb's motion to deny access to the plaintiff of any of Chestnut Ridge's records regarding J.M.

J.M. turned eighteen on June 3, 2006.  Since J.M. is now of legal age, this Court finds that he must be joined as a party to this action.  Further, while this action was pending, DHHR was J.M.'s legal guardian.  Thus, this Court finds that DHHR must be joined as a party to this action.

Consequently, this Court must conclude that DHHR and J.M. are necessary parties to this civil action.  Further, this Court notes that this civil action does not currently have a scheduling order. As soon as J.M. and DHHR have been joined to this civil action, this Court will schedule a status and scheduling conference for the parties to discuss necessary scheduling.

This Court further notes that it does not make any decision at this time with respect to what this Court's position should be with respect to J.M.'s petition in the Circuit Court of Mineral County, West Virginia.

V. <u>Conclusion</u>

For the reasons stated above, the motion to dismiss of defendant, Douglas Mitchell, is hereby DENIED and the defendant's alternative request for joinder of the Department of Health and Human Resources and J.M. is hereby GRANTED.

It is further ORDERED that CLERK shall add as defendants, DHHR and J.M., and the plaintiff shall serve the pleadings upon the newly joined defendants, DHHR and J.M., in accordance with Federal Rule of Civil Procedure 4 and 19.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 30, 2007

<u>/s/ Frederick P. Stamp, Jr.</u>  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE