IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

WEST VIRGINIA ADVOCATES, INC.,

    Plaintiff,

v.                                                     Civil Action No. 1:06CV73
                                                                  (STAMP)

DOUGLAS MITCHELL, in his
official capacity as Director of
CHESTNUT RIDGE HOSPITAL, a division of
WEST VIRGINIA UNIVERSITY HOSPITALS, INC.,
WEST VIRGINIA DEPARTMENT OF HEALTH AND
HUMAN RESOURCES, and J.M.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO APPOINT GUARDIAN AD LITEM**
**OR COUNSEL ON BEHALF OF J.M. AND**
**DIRECTING DEFENDANTS WHO HAVE BEEN**
**SERVED TO FILE ANY RESPONSIVE PLEADING**

I.   Procedural History

On May 11, 2007, defendant West Virginia Department of Health and Human Services ("WVDHHS") filed a motion for appointment of a guardian ad litem or counsel, or both, for defendant J.M., who was almost eighteen years old at the time but who had agreed to remain in the legal and physical care of WVDHHR to continue to receive foster care services. This Court then held a hearing on the matter. At that hearing, this Court established a briefing schedule and identified three issues for the parties to address: (1) compensation for the guardian ad litem, if one is appointed; (2) whether or not J.M. requires a guardian ad litem; and (3)

whether or not it is necessary to appoint someone to accept service on behalf of J.M.

Defendants WVDHHR and West Virginia University Hospitals, Inc. ("WVUH") and the plaintiff, West Virginia Advocates, Inc. ("WVA"), filed separate memoranda. Defendant Mitchell has not filed a brief on the matter. J.M., who has not yet been served, also filed no memorandum. This matter is now fully briefed and ripe for review.[1] For the reasons set forth below, this Court finds that the motion by defendant West Virginia Department of Health and Human Resources to appoint a guardian ad litem or counsel, or both, for J.M. must be denied.

## II. Facts

The plaintiff in this action, WVA, seeks an injunction requiring the defendants to release the medical records of J.M., who was, during the relevant period, a juvenile resident of the Adolescent Sexual Offender Program at Chestnut Ridge Hospital ("Chestnut Ridge"), a psychiatric hospital. WVA is a state and federally designated protection and advocacy system pursuant to the Protection and Advocacy for the Mentally Ill Act, 42 U.S.C. §§ 10801-10851 ("PAIMI"). In that capacity, WVA seeks the medical records of J.M. to investigate an abuse complaint it received on

---

[1]This Court notes that not all of the defendants who have been served have filed an answer or other responsive pleading to the complaint. Accordingly, such defendants are DIRECTED to file their answers or other responsive pleadings on or before **April 21, 2008**.

2

behalf of J.M. against Chestnut Ridge. At some point, WVDHHR, which had previously been designated as J.M.'s legal guardian pursuant to a state court order placing J.M. in the Chestnut Ridge treatment program after determining him to be a juvenile delinquent, authorized the release of certain of J.M.'s medical records. However, J.M., by court-appointed counsel, then obtained an order from the Circuit Court of Mineral County, West Virginia, to prohibit access to his records.

In its motion to appoint a guardian ad litem or counsel for J.M. in the proceedings in this Court, defendant WVDHHR states that although J.M. remains in the legal and physical care of WVDHHR, J.M.'s and WVDHHR's interests in this action may diverge at some point. Accordingly, WVDHHR argues, J.M. would benefit from independent legal representation in this matter. Thus, the primary issues presently before this Court are whether to appoint legal representation for J.M., and if so, what type of representation. As a corollary matter, this Court must also determine whether a representative should be appointed to accept service on behalf of J.M.

### III. Discussion

A. Appointment of a Legal Representative on Behalf of J.M.

All of the parties who filed briefs on this matter support the appointment of a legal representative to represent J.M.'s interests in the action before this Court. Two suggestions have been

3

advanced. One is to appoint a guardian ad litem. The other is to appoint counsel.

1. <u>Appointment of a Guardian Ad Litem to Represent J.M.'s Interests</u>

Pursuant to Federal Rule of Civil Procedure 17(c), a court "must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c). West Virginia law provides for the appointment of a guardian ad litem on behalf of an "infant or insane defendant." W. Va. Code § 56-4-10. Under West Virginia law, an "infant" or "minor" is defined as a person under the age of eighteen. W. Va. Code § 2-2-10(aa). Further, a party who is unable "to comprehend the significance of legal proceedings and the effect and relationship of such proceedings in terms of the best interests of such party" may be deemed an incompetent for purposes of appointing a guardian ad litem. <u>State ex rel. McMahon v. Hamilton</u>, 482 S.E.2d 192 (W. Va. 1996).

In its memorandum in support of the motion to appoint a guardian ad litem, WVDHHR states that after conducting further legal research, it has concluded that such appointment is inappropriate under the circumstances of this case because J.M., who has reached the age of majority, is neither an infant, nor an insane person, nor an incompetent. The plaintiff, WVA, reaches the same conclusion.

Defendant WVUH, however, argues that this Court should appoint a guardian ad litem on behalf of J.M. According to WVUH, the state proceedings adjudicating J.M. a juvenile delinquent make him a ward of the court of the state until he reaches the age of twenty-one. WVUH argues that this Court should likewise decline to consider J.M. an adult in any proceedings based upon claims that have arisen out of the treatment and rehabilitation he has received in his status as a juvenile delinquent. Therefore, WVUH submits that this Court should appoint a guardian ad litem for J.M.

Based upon the record before this Court, the parties' pleadings, and the relevant law, this Court concludes that appointment of a guardian is unwarranted under the circumstances of this case. First, J.M. is not an infant. J.M. is older than eighteen years of age and is therefore not an infant under West Virginia law. Further, although J.M.'s placement in WVDHHR's foster care will continue until he reaches the age of twenty-one, his continuation in the foster care system is the result of his consent, which he gave by executing a contract with WVDHHR after he turned eighteen. According to WVDHHR, the legal and physical care which it provides to J.M. as a result of this contract is dependent upon his desire to remain in the foster care system until his twenty-first birthday. On these facts, J.M. is not an infant.

Second, based upon the record in this case, J.M. is not an incompetent person. According to the memorandum filed by WVDHHR,

J.M. is no longer a patient at Chestnut Ridge, nor is he a patient in any other mental health facility.  WVDHHR also asserts that J.M. has no mental impairment or disability and that he is an above-average student.  The plaintiff's brief indicates that the plaintiff agrees with these assertions, and nothing in the record casts doubt upon them.  Accordingly, this Court concludes that J.M. is not an incompetent person who would be unable to understand the significance of the legal proceedings in this matter or their effect upon him.

Based upon this Court's findings that J.M. is neither an infant nor an incompetent person,[2] this Court concludes that the appointment of a guardian ad litem on behalf J.M. is inappropriate in this matter.

### 2. Appointment of Counsel to Represent J.M.'s Interests

WVDHHR argues that even though appointment of a guardian ad litem is not appropriate, appointment of counsel is warranted because J.M. is an indigent and an involuntary defendant in this action.  WVDHHR draws this Court's attention to the fact that J.M.'s contract with WVDHHR allowing him to continue in foster care provides for treatment and educational services, but the contract does not include legal services.

---

[2] None of the parties claims that J.M. is insane. Accordingly, this Court need not and does not consider whether appointment of a guardian ad litem is necessary on that ground.

Pursuant to 28 U.S.C. § 1915, which governs proceedings in forma pauperis, a federal court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Section 1915 further provides that a person wishing to proceed in forma pauperis must submit an affidavit documenting his or her status as an indigent. See 28 U.S.C. § 1915(a)(1).

In this case, J.M. has not requested that he be appointed an attorney. Further, he has not asserted a desire, by motion or otherwise, to proceed in forma pauperis, nor has he submitted an affidavit documenting his financial status. Accordingly, this Court finds that a determination of whether to appoint counsel is premature. Thus, to the extent that WVDHHR's motion requests appointment of counsel to represent J.M.'s interests in this action, this Court will deny the motion without prejudice.

B. Appointment of a Representative to Accept Service of Process on Behalf of J.M.

This Court now turns to the question of whether a representative needs to be appointed to accept service of process on behalf of J.M. The parties take various approaches to this question. Defendant WVUH does not address the question at all. Defendant WVDHHR states that the answer depends upon whether J.M. should have a guardian ad litem appointed. If no need exists to appoint a guardian ad litem, then, according to WVDHHR, J.M. can accept service on his own behalf. Plaintiff WVA suggests that

7

appointing a agent for the sole purpose of serving J.M. would be appropriate if J.M. is no longer a resident at Chestnut Ridge Hospital and if effecting service would be difficult or intrusive. Alternately, WVA suggests, that if WVDHHR is dismissed from this action, then service could be effected through that agency.[3] WVA also suggests that if J.M. wants to become a party to this action, he can provide his address to the plaintiff for purposes of service.

In light of this Court's finding that J.M. is neither an infant nor an incompetent person, this Court concludes that appointment of a representative to accept service of process is similarly inappropriate. According to the record before this Court, J.M. is now over the age of eighteen. The parties agree--and nothing in the record suggests otherwise--that J.M. is competent to accept service on his own behalf. Accordingly, this Court declines to appoint a representative to accept service on J.M.'s behalf.

IV. Conclusion

For the reasons articulated above, the motion of defendant West Virginia Department of Health and Human Resources for appointment of a guardian ad litem or counsel, or both, for defendant J.M. is hereby DENIED. To the extent that the motion

---

[3]WVA presumably reaches this conclusion on the basis that J.M. remains in the "legal and physical care" of WVDHHR by virtue of his agreement to continue to receive foster care services.

seeks appointment of counsel for J.M., it is DENIED WITHOUT PREJUDICE, with leave for J.M. to file a motion or request for appointment of counsel when and if the plaintiff obtains service of process upon him.[4]

It is ORDERED that the plaintiff proceed with service of process upon J.M. It is also ORDERED that the plaintiff include a copy of this Court's memorandum opinion and order, along with the summons and complaint, when effecting service of process upon J.M.

Those parties who have been served but have not yet filed an answer shall file their responsive pleadings on or before **April 21, 2008**. After the filing of such responses, this Court will enter an order setting this matter for a status and scheduling conference.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    March 31, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[4] Such a motion shall be accompanied by this Court's form for proceeding in forma pauperis, entitled "Application to Proceed without Prepayment of Fees and Affidavit," and shall be fully completed by J.M. That form may be obtained from the office of the Clerk of this Court. This Court defers at this time whether or not it should appoint counsel because, among other things, it is not certain under the law whether counsel may be compensated for services rendered and, if so, from what source.